UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

MELODY RANDOL, an individual,

     Plaintiff,

vs.

DELAWARE NORTH COMPANIES, INC.,
a Delaware Corporation, and GAMEWISE, LLC,
a Delaware Limited Liability Company,

     Defendants.

_____/

## COMPLAINT

1.     Plaintiff, MELODY RANDOL (hereinafter referred to as "Plaintiff" and "RANDOL"), was an employee of Defendant, DELAWARE NORTH COMPANIES, INC., a Delaware Corporation, and GAMEWISE, LLC, a Delaware Limited Liability Company (collectively referred to as "Defendants"), and RANDOL brings this action against Defendants for alleged sex/gender discrimination and retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000 *et seq*. ("Title VII") and the Florida Civil Rights Act, Florida Statutes §760.01 *et seq*. ("FCRA").

2.     At all times material to this action, RANDOL, whose sex/gender is Female, has been an individual residing in Miami-Dade County, Florida.

3.     Defendant, GAMEWISE, LLC, is a wholly owned subsidiary of Defendant, DELAWARE NORTH COMPANIES, INC., and at all times material to this Complaint, Defendants have operated a business providing online sports betting, iGaming services, and product technologies to delivery digital gaming solutions to licensed operators in North America,

1

with a corporate office at 1 SE 3rd Avenue, Suite 1900, Miami, Florida 33131 in Miami-Dade County within the jurisdiction of this Court.

4.     At all times material to this Complaint, Defendants, DELAWARE NORTH COMPANIES, INC. and GAMEWISE, LLC, directly or indirectly, acted in the interest of an employer toward Plaintiff, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff.  Alternately, Defendants, DELAWARE NORTH COMPANIES, INC. and GAMEWISE, LLC, and each of their respective divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of Plaintiff because each, respective division, subsidiary or affiliate acted directly or indirectly in the interest of the other in relation to such Plaintiff.  As a second alternative, Defendants, DELAWARE NORTH COMPANIES, INC. and GAMEWISE, LLC, and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of Plaintiff because Defendants commonly controlled the terms of compensation and employment of Plaintiff and Defendants are not completely disassociated with respect to the terms of compensation and employment of Plaintiff.  As a final alternative, Defendants, DELAWARE NORTH COMPANIES, INC. and GAMEWISE, LLC, and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, directly or indirectly acted in the interest of an employer toward Plaintiff at all material times to this Complaint, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff.

5.     Jurisdiction is conferred on this Court by 28 U.S.C. §1337, §1367, 42 U.S.C. §2000, and F.S. §760.01 et seq.

6.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to this action occurred in Miami-Dade County, within the jurisdiction

2

of the United States District Court for the Southern District of Florida.

7. In November 2022, RANDOL began working as a Customer Service Manager based in Defendants' Miami, Florida office with an annual salary of $75,000.00 per year.

8. At all times material to this action, RANDOL was an employee of DELAWARE NORTH COMPANIES, INC. and GAMEWISE, LLC within the meaning of Title VII, 42 U.S.C. §2000e(f), and the FCRA, F.S. §760.10(1)(a).

9. At all times material to this action, DELAWARE NORTH COMPANIES, INC. and GAMEWISE, LLC had Fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the calendar year(s) 2022, 2023, and/or 2024.

10. At all times material to this action, DELAWARE NORTH COMPANIES, INC. and GAMEWISE, LLC individually and/or collectively were RANDOL's employer within the meaning of Title VII, 42 U.S.C. §2000e(b), and the FCRA, F.S. §760.02(7).

11. During the year 2022, Defendants paid RANDOL gross wages of $11,240.06.

12. Between November 2022 and November 2023, RANDOL satisfactorily performed her essential job duties Defendants, with Plaintiff's responsibilities as a Customer Service Manager consisting of the following:  (a) working as the department head overseeing the entire customer experience; (b) working with Defendants' compliance, sports book, marketing and icasino; (c) being responsible for forecasting, planning, hiring, training, managing, and development of Defendants' customer experience department; (d) managing a team of nine (9) employees (agents) and one (1) team lead; (e) quality assurance of agents replies and handling escalated calls, emails and live chats; (f) ensuring Defendants' customers were responded in a timely and professional manner; and (g) staying up-to-day on current trends within the industry and bringing new ideas on how to improve the customer experience.

13.     As a result of RANDOL's exemplary job performance for Defendants during the first nine (9) months of Plaintiff's employment—during which time Plaintiff's immediate supervisor was Jacob Turner—Defendants promoted RANDOL to Level 2-Customer Service Manager, increased Plaintiff's compensation to $90,000.00 per year in base salary plus 10% bonus, and Plaintiff's supervisor became Todd San Jule (Male), Defendants' General Manager.

14.     Between approximately June 2023 and October 2023, Defendants' Director of Compliance, Anthony Campoli (Male), subjected RANDOL and other Female employees of Defendants to harassment, discrimination, and disparate treatment because of their sex/gender, Female, including but not necessarily limited to Campoli:

(i) regularly directing derogatory name calling towards RANDOL and other Female employees, Campoli characterizing RANDOL and her team as "not as educated" as him, and Campoli acting in a hostile and denigrating manner towards RANDOL and other Female employees;

(ii) regularly yelling at Female employees in a violent manner, including on conference calls and during meetings, while Campoli seemingly took pride in how rudely and condescendingly, he talked to Female employees;

(iii) condoning and encouraging disrespectful conduct by Male employees towards RANDOL and other Female employees while Campoli favored—instead of disciplining—those Male employees;

(iv) usurping RANDOL's management and control of Plaintiff's team that RANDOL was charged with supervising as part of Campoli's efforts to undermine Plaintiff's authority;

(v) ignoring marketing e-mails sent by RANDOL because she was a Female employee while Campoli advised Plaintiff, for example, that Neil Squires, Defendants' Male Compliance Manager, was supposedly handling those tasks;

(vi) seeking to eliminate Female employees after Campoli became Director of Compliance in approximately late May 2023;

(vii) making and/or applying rules for Female employees that did not exist for or were not applied to Male employees;

(viii) disciplining Female employees in a disparate manner to Male employees;

(ix) scheduling Female employees to work as many as approximately eleven (11) days in a row while not requiring multiple Male employees to work such consecutive days without time off; and

(x) targeting Female employees and threatening to fire Female employees who didn't comply with Campoli's authoritarian demands.

15.     Notably, RANDOL witnessed Anthony Campoli's frequent harassment and verbal abuse towards Defendants' other Female employees between approximately June 2023 and October 2023 as part of an ongoing pattern of discriminatory conduct and disparate treatment by Campoli against RANDOL and other Female employees, while Campoli treated Defendants' Male employees more favorably because of Campoli's bias and prejudice towards Female employees.

16.     In September 2023, RANDOL made her first internal discrimination complaint[1] to Defendants' Vice-President of Human Resources, James Kwasniak, about Anthony Campoli's sex/gender, Female, harassment and discrimination.

17.     In October 2023, RANDOL made a second internal discrimination to Defendants' Vice-President of Human Resources, James Kwasniak, about Anthony Campoli's sex/gender, Female, harassment and discrimination.

18.     However, Defendants took no remedial action in response to RANDOL's repeated sex/gender discrimination complaints.

19.     Between November 2022 and late October 2023, Defendants did not discipline RANDOL for any performance reasons or other conduct, as Defendants did not issue Plaintiff any verbal warnings, written warnings, or any progressive discipline of any kind.

---

[1] In addition, RANDOL also previously spoke with Defendants' Sportsbook Manager, Mark Pendgraft in approximately August 2023 about Anthony Campoli's sex/gender discrimination and harassment against Defendants' Female employees and Pendgraft encouraged Plaintiff to report Campoli's sex/gender discrimination to Defendants' Human Resources.

20. On the morning of October 26, 2023, RANDOL had a meeting with Plaintiff's immediate supervisor, Todd San Jule, Defendants' General Manager, along with Defendants' Director of Huan Resources, Jonathon Buerck, about allegations that RANDOL had purportedly manipulated and falsified one or more documents, as well as about allegations of purported compliance violations by RANDOL as a Customer Service Manager.

21. Following this October 26, 2023 meeting, Defendants suspended RANDOL— despite the fact that Plaintiff **never** altered or forged any documents and RANDOL instead consistently worked to uphold the highest compliance standards as part of doing her job for Defendants, with part of Plaintiff's duties having included document validation for Defendants.

22. Importantly, "Airtable," which was used by Defendants as essentially a juiced-up Microsoft Excel application that recorded, *inter alia*, revisions history and kept track of spreadsheets, encompassed four (4) distinct "Airtable" sheets: (i) all States legal threats/complaints; (ii) West Virginia Lottery (WVL) customer inquiries; (iii) WVL formally filed complaints; and (iv) Self-exclusion customer communications, one of which was for West Virginia inquiries that was being updated regularly in October 2023, as well as the self-exclusion sheet, were "owned by" (i.e., controlled by) Anthony Campoli.

23. Significantly, on October 20, 2023, almost one (1) week *before* allegations were raised of purported manipulation or false entries in "Airtable,"[2] RANDOL expressly communicated to Campoli what had been updated in "Airtable" and Plaintiff also went into

---

[2] Further, almost one (1) month *before* Defendants met with and subsequently suspended RANDOL, on September 27, 2023, Neil Squires and Anthony Campoli sent RANDOL an e-mail asking about the customer process for complaints and legal threats, in response to which Plaintiff communicated to Squires and Campoli about what was then-existing within "Airtable" for tracking as well as two (2) new spreadsheets Plaintiff would create.

"Airtable" to update Defendants' customer D.C. (initials) on the WVL inquiries spreadsheet because D.E. had then-recently made a complaint.

24.     Notably, while RANDOL's team frequently did updates in "Airtable" anywhere from a few times each week to updating some spreadsheets on an "as needed" basis when information was received to create a specific reason for an update to a particular spreadsheet to be completed, as of October 20, 2023, the WVL inquiries spreadsheet in "Airtable" had last been updated Five (5) days earlier, on October 15, 2023, by Michael Roman, the Team Lead from RANDOL's team, whereas the "all States legal threats/complaints" spreadsheet in "Airtable" had not been updated in Seventeen (17) days because a majority of complaints were in West Virginia and were already updated on the WVL inquiries spreadsheet.

25.     Moreover, at all times between August 2023 and late October 2023, Campoli not only had access to and visibility of all four (4) "Airtable" sheets—throughout which time period the "members" of "Airtable" consisted solely of Campoli, Neil Squires (Male) – Senior Compliance Manager, Michael Roman (Male) – Team Lead, and RANDOL—but a dedicated TEAMS channel was used with the entire Customer Service team as well as Anthony Campoli in order to track and log information, which channel was implemented after Campoli complained that RANDOL and her team were sending too many e-mails to notify Campoli about compliance threats—even though Campoli had previously requested RANDOL's team send an e-mail for every request because Campoli demeaned their ability to know how to filter despite RANDOL and her team members doing so competently.

26.     On October 26 and 27, 2023, RANDOL made her third and fourth internal sex/gender discrimination complaints—which complaints were in writing—to Defendants'

Director of Huan Resources, Jonathon Buerck, and Vice-President of Human Resources, James Kwasniak.  See Composite Exhibit A.

27.     On November 1, 2023, Defendants terminated RANDOL's employment for purportedly altering and/or concealing information, which Defendants categorized as falsification of records."  See Composite Exhibit B: 11/1/2023 E-mail from Todd San Jule with Defendants' Record of Associate Counseling to Plaintiff.

28.     Between November 2022 and October 2023, RANDOL satisfactorily performed her essential job duties as a Customer Service Manager for Defendants, but despite Plaintiff's job performance, Defendants subjected RANDOL to disparate treatment and discrimination because of Plaintiff's sex/gender, Female, and Defendants retaliated against RANDOL culminating in the termination of Plaintiff's employment in November 2023 because RANDOL exercised her rights and objected to sex/gender discrimination, all in violation of Title VII and the FCRA.

29.     The reasons proffered and relied upon by Defendants for terminating RANDOL's employment in November 2023 were false and known to be false by Defendants and instead were a pretext for unlawful disparate treatment, sex/gender discrimination, and retaliation against RANDOL in violation of Title VII and the FCRA.

30.     Defendants' termination of RANDOL's employment in November 2023 was discriminatory because of Plaintiff's sex/gender, Female, and/was retaliatory as a result of RANDOL's exercise of her rights under Title VII and the FCRA including but not necessarily limited to RANDOL's objections to and complaints about the sex/gender discrimination to which she was subjected, all in violation of Title VII and the FCRA.

31.     During the year 2023, Defendants paid RANDOL gross wages of $68,207.17.

8

32. Based upon information and belief, between at least June 2023 and November 2023, Defendants treated Male employees more favorably than RANDOL because of discrimination against Plaintiff based upon RANDOL's sex/gender, Female, including but not necessarily limited to the following employees: (1) Neil Squires, Compliance Manager (Male); (2) Mark Pendgraft, Sportsbook Manager (Male); (3) Michael Roman, Team Lead (Male); (4) Kyle Moon, Risk and Fraud Specialist (Male); and (5) Nick Ault, Risk and Fraud Specialist.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

33. On February 27, 2024, RANDOL dual filed Charges of Discrimination against DELAWARE NORTH COMPANIES, INC. and GAMEWISE, LLC with the United States Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR) alleging sex/gender, Female, discrimination and retaliation in violation of Title VII and the FCRA. A copy of RANDOL's EEOC Charges, Charge Nos. 510-2024-04678 and 510-2024-04681, are attached hereto as Composite Exhibit C.

34. On September 4, 2024, the EEOC issued Notices of Right to Sue for RANDOL's EEOC Charges, Charge Nos. 510-2024-04678 and 510-2024-04681. See Composite Exhibit D.

35. As of November 30, 2024, more than One Hundred and Eighty (180) days have passed since the filing of RANDOL's Charges of Discrimination on February 27, 2024 and the FCHR did not issue any determination concerning RANDOL's Charges. As a result, pursuant to F.S. §760.11(18), which provides that in the event that the FCHR fails to conciliate or determine whether there is reasonable cause on any complaint under that section within 180 days of the filing of the complaint, an aggrieved person may file a civil action "as if the commission determined that there was reasonable cause," RANDOL has exhausted all administrative remedies under Florida and Federal law.

36.     This Complaint is being timely filed on November 30, 2024 within Eighty-Seven (87) days from RANDOL's receipt of the Notices of Right to Sue in connection with Charge No. Charge No. 510-2024-04678 and 510-2024-04681.

37.     All conditions precedent to the claims pled in this Complaint have either occurred or been waived.

**COUNT I**
**VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,**
**42 U.S.C. §2000e ET SEQ. – SEX/GENDER DISCRIMINATION**

Plaintiff, MELODY RANDOL, reasserts and reaffirms the allegations of Paragraphs 1 through 37 as if fully set forth herein and further states that this is an action against Defendants, DELAWARE NORTH COMPANIES, INC. and GAMEWISE, LLC, for Sex/Gender (Female) discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*

38.     Title VII of the Civil Rights Act of 1964, as amended, provides that it is unlawful for an employer to "discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's … sex ..." 42 U.S.C. §2000e-2(a)(1).

39.     Between approximately June 2023 and November 2023, Defendants subjected RANDOL to harassment, discrimination, and disparate treatment because of RANDOL's sex/gender, Female, including, *inter alia*: (a) Defendants issuing discipline to RANDOL that was pretextual and/or was of a disparate nature because of Plaintiff's sex/gender, Female, in comparison to similarly situated Male employees; (b) Defendants' suspending RANDOL in late October 2023; and (c) Defendants' terminating RANDOL's employment in November 2023 for

one or more reasons that were false and which were instead based upon an intent to discriminate against RANDOL because of her sex/gender, Female, in violation of 42 U.S.C. §2000e-2(a)(1).

40.     Between approximately June 2023 and October 2023, Anthony Campoli, Defendants' Defendants' Director of Compliance, subjected RANDOL to unwelcome harassment and discrimination because of RANDOL's sex/gender, Female, which harassment was continuing, severe, and pervasive, and which constituted a hostile work environment in violation of Title VII, 42 U.S.C. §2000e-2(a)(1).

41.     Defendants' management knew about the unlawful sex/gender harassment and disparate treatment of RANDOL, but Defendants failed to take appropriate corrective action to address the unlawful conduct against RANDOL, in violation of Title VII, 42 U.S.C. §2000e-2(a)(1).

42.     Defendants' harassment and disparate treatment of RANDOL because of Plaintiff's sex/gender, Female was so severe and pervasive that it altered, the terms, conditions, and privileges of RANDOL's employment with Defendants in violation of Title VII, 42 U.S.C. §2000e-2(a)(1).

43.     Further, between approximately June 2023 and November 2023, Defendants treated Male employees more favorably than RANDOL because of discrimination against Plaintiff based upon RANDOL's sex/gender, Female, including but not necessarily limited to the following employees: (1) Neil Squires, Compliance Manager (Male); (2) Mark Pendgraft, Sportsbook Manager (Male); (3) Michael Roman, Team Lead (Male); (4) Kyle Moon, Risk and Fraud Specialist (Male); and (5) Nick Ault, Risk and Fraud Specialist, in violation of 42 U.S.C. §2000e-2(a)(1).

44.     On November 1, 2023, Defendants terminated RANDOL's employment because of Plaintiff's sex/gender, Female, in violation of Title VII, 42 U.S.C. §2000e-2(a)(1).

45.     A motivating factor behind Defendants' termination of RANDOL's employment in November 2023 was Plaintiff's sex/gender, Female, in violation of 42 U.S.C. §2000e-2(a)(1).

46.     Defendants' decision to terminate RANDOL's employment in November 2023 was for one or more reasons that Defendants knew to be false and were instead a pretext to attempt to cover up discrimination by Defendants against Plaintiff because of her sex/gender, Female, in violation of 42 U.S.C. §2000e-2(a)(1).

47.     Defendants' violations of Title VII were intentional and were done with malice and reckless disregard for RANDOL's rights as guaranteed under the laws of the United States.

48.     RANDOL suffered lost earnings and employment benefits, emotional distress, loss of self-esteem, and other damages as a direct result of Defendants' violations of 42 U.S.C. §2000e-2(a)(1).

49.     Pursuant to 42 U.S.C. §2000e-5(k) and §1988(b), RANDOL is entitled to recover from Defendants her reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff, MELODY RANDOL, demands judgment against Defendants, jointly and severally, DELAWARE NORTH COMPANIES, INC. and GAMEWISE, LLC, for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, punitive damages, injunctive relief, interest, attorney's fees, costs, expert fees and such other and further relief as the Honorable Court deems proper.

**COUNT II**
**VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964,**
**42 U.S.C. §2000e *ET SEQ.* – RETALIATION**

Plaintiff, MELODY RANDOL, reasserts and reaffirms the allegations of Paragraphs 1 through 37 as if fully set forth herein and further states that this is an action against Defendants,

DELAWARE NORTH COMPANIES, INC. and GAMEWISE, LLC, for Retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3.

50.     Pursuant to 42 U.S.C. §2000e-3(a), "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees …. because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

51.     On multiple occasions between approximately September 2023 and late October 2023—specifically in or on at least (i) September 2023; (ii) early-to-mid October 2023; (iii) October 26, 2023; and (iv) October 27, 2023—when RANDOL objected to and complained to Defendants about what Plaintiff reasonably and in good faith believed was unlawful sex/gender discrimination against Plaintiff and other Female employees, RANDOL engaged in protected activity within the meaning of Title VII, 42 U.S.C. §2000e-3(a).

52.     Defendants subjected RANDOL to retaliation for Plaintiff exercising her rights under Title VII, including, *inter alia*, Defendants: (a) suspending RANDOL on October 27, 2023; and (b) terminating RANDOL's employment in November 2023, all for one or more reasons that were false and which were instead based upon intentional retaliation against RANDOL because Plaintiff repeatedly objected to and complained about sex/gender discrimination to Defendants' management and Human Resources personnel, in violation of 42 U.S.C. §2000e-2(a)(1).

53.     In retaliation for RANDOL's good faith opposition to and complaints about discrimination and disparate treatment against Plaintiff because of her sex/gender, Female, Defendants terminated Plaintiff's employment in November 2023 for one or more reasons that

were false and a pretext for unlawful retaliation against Plaintiff in violation of Title VII, 42 U.S.C. §2000e-3(a).

54.     Defendants intentionally retaliated against RANDOL in late October 2023 and November 2023 by first suspending RANDOL and then terminating Plaintiff's employment because of RANDOL's good faith opposition to and complaints about what Plaintiff reasonably believed was unlawful discrimination and disparate treatment by Defendant against her because of RANDOL's sex/gender, Female, in violation of 42 U.S.C. §2000e-3(a).

55.     The fact that RANDOL engaged in activity protected by Title VII was a motivating factor in Defendants' late October 2023 suspension and early November 2023 termination of Plaintiff's employment, in violation of 42 U.S.C. §2000e-3(a).

56.     Defendants' unlawful retaliation against RANDOL was intentional and done with malice and reckless disregard for RANDOL's rights as guaranteed under Title VII.

57.     As a direct and proximate result of Defendants' unlawful retaliation against RANDOL, Plaintiff suffered damages and has been deprived of job-related economic benefits, all in amounts to be established at trial, including suffering a loss of earnings, emotional distress, loss of self-esteem, and other damages as a direct result of Defendants' violations of 42 U.S.C. §2000e-3(a).

58.     Pursuant to 42 U.S.C. §2000e-5(k) and §1988(b), RANDOL is entitled to recover her reasonable attorneys' fees and costs from Defendants.

WHEREFORE, Plaintiff, MELODY RANDOL, demands judgment against Defendants, jointly and severally, DELAWARE NORTH COMPANIES, INC. and GAMEWISE, LLC, for back pay, employment benefits, other compensation including bonuses, compensatory damages, equitable relief including but not limited to front pay, punitive damages, injunctive relief, interest,

attorney's fees, costs, expert fees and such other and further relief as the Honorable Court deems proper.

**COUNT III**
**SEX/GENDER DISCRIMINATION IN VIOLATION OF**
**THE FLORIDA CIVIL RIGHTS ACT**

Plaintiff, MELODY RANDOL, reasserts and reaffirms the allegations set forth in paragraphs 1 through 37 above and further states that this is an action against Defendants, DELAWARE NORTH COMPANIES, INC. and GAMEWISE, LLC, for Sex/Gender discrimination in violation of the Florida Civil Rights Act, Florida Statutes §760.10(1).

59.     The Florida Civil Rights Act provides that it is an unlawful employment practice for an employer "[t]o discharge . . . any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . ."  F.S. §760.10(1)(a).

60.     At all times material to this action, RANDOL has been an aggrieved person within the meaning of F.S. §760.02(10).

61.     Between approximately June 2023 and November 2023, Defendants subjected RANDOL to harassment, discrimination, and disparate treatment because of RANDOL's sex/gender, Female, including, *inter alia*: (a) Defendants issuing discipline to RANDOL that was pretextual and/or was of a disparate nature because of Plaintiff's sex/gender, Female, in comparison to similarly situated Male employees; (b) Defendants' suspending RANDOL in late October 2023; and (c) Defendants' terminating RANDOL's employment in November 2023 for one or more reasons that were false and which were instead based upon an intent to discriminate against RANDOL because of her sex/gender, Female, in violation of the FCRA, F.S. §760.10(1).

15

62.     Between approximately June 2023 and October 2023, Anthony Campoli, Defendants' Defendants' Director of Compliance, subjected RANDOL to unwelcome harassment and discrimination because of RANDOL's sex/gender, Female, which harassment was continuing, severe, and pervasive, and which constituted a hostile work environment in violation of the FCRA, F.S. §760.10(1).

63.     Defendants' management knew about the unlawful sex/gender harassment and disparate treatment of RANDOL, but Defendants failed to take appropriate corrective action to address the unlawful conduct against RANDOL, in violation of the FCRA, F.S. §760.10(1).

64.     Defendants' harassment and disparate treatment of RANDOL because of Plaintiff's sex/gender, Female was so severe and pervasive that it altered, the terms, conditions, and privileges of RANDOL's employment with Defendants in violation of the FCRA, F.S. §760.10(1).

65.     Further, between approximately June 2023 and November 2023, Defendants treated Male employees more favorably than RANDOL because of discrimination against Plaintiff based upon RANDOL's sex/gender, Female, including but not necessarily limited to the following employees: (1) Neil Squires, Compliance Manager (Male); (2) Mark Pendgraft, Sportsbook Manager (Male); (3) Michael Roman, Team Lead (Male); (4) Kyle Moon, Risk and Fraud Specialist (Male); and (5) Nick Ault, Risk and Fraud Specialist, in violation of the FCRA, F.S. §760.10(1).

66.     On November 1, 2023, Defendants terminated RANDOL's employment because of Plaintiff's sex/gender, Female, in violation of F.S. §760.10(1).

67.     A motivating factor behind Defendants' termination of RANDOL's employment in November 2023 was Plaintiff's sex/gender, Female, in violation of F.S. §760.10(1).

16

68.     Defendants' decision to terminate RANDOL's employment in November 2023 was for one or more reasons that Defendants knew to be false and were instead a pretext to attempt to cover up discrimination by Defendants against Plaintiff because of her sex/gender, Female, in violation of the FCRA, F.S. §760.10(1).

69.     Defendants' violations of §760.10(1)(a) were intentional and were done with malice and reckless disregard for RANDOL's rights as guaranteed under the laws of the State of Florida, such that RANDOL is entitled to punitive damages against Defendant pursuant to F.S. §760.11(5).

70.     RANDOL suffered lost earnings, emotional distress, loss of self-esteem, and other damages as a direct result of Defendants' violations of F.S. §760.10(1).

71.     Pursuant to F.S. §760.11(5), RANDOL is entitled to recover her reasonable attorneys' fees and costs from Defendants as a result of Defendants' violations of the FCRA.

WHEREFORE, Plaintiff, MELODY RANDOL, demands judgment against Defendants, jointly and severally, DELAWARE NORTH COMPANIES, INC. and GAMEWISE, LLC, for back pay, employment benefits, other compensation including bonuses, compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, equitable relief, interest, costs, attorney's fees, expert fees and such other and further relief as the Honorable Court deems proper.

## COUNT IV
## RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, F.S. §760.10

Plaintiff, MELODY RANDOL, reasserts and reaffirms the allegations set forth in paragraphs 1 through 37 above and further states that this is an action against Defendants, DELAWARE NORTH COMPANIES, INC. and GAMEWISE, LLC, for Retaliation in violation of the Florida Civil Rights Act, F.S. §760.10.

17

72.     Pursuant to the FCRA, F.S. §760.10(7), it is "an unlawful employment practice for an employer … to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section."

73.     At all times material to this action, RANDOL has been an aggrieved person within the meaning of the FCRA, F.S. §760.02(10).

74.     On multiple occasions between approximately September 2023 and late October 2023—specifically in or on at least (i) September 2023; (ii) early-to-mid October 2023; (iii) October 26, 2023; and (iv) October 27, 2023—when RANDOL objected to and complained to Defendants about what Plaintiff reasonably and in good faith believed was unlawful sex/gender discrimination against Plaintiff and other Female employees, RANDOL engaged in protected activity within the meaning of the FCRA, F.S. §760.10(7).

75.     Defendants subjected RANDOL to retaliation for Plaintiff exercising her rights under Title VII, including, *inter alia*, Defendants: (a) suspending RANDOL on October 27, 2023; and (b) terminating RANDOL's employment in November 2023, all for one or more reasons that were false and which were instead based upon intentional retaliation against RANDOL because Plaintiff repeatedly objected to and complained about sex/gender discrimination to Defendants' management and Human Resources personnel, in violation of the FCRA, F.S. §760.10(7).

76.     In retaliation for RANDOL's good faith opposition to and complaints about discrimination and disparate treatment against Plaintiff because of her sex/gender, Female, Defendants suspended RANDOL in late October 2023 and subsequently terminated RANDOL's

employment in November 2023 for one or more reasons that were false and a pretext for unlawful retaliation against Plaintiff in violation of the FCRA, F.S. §760.10(7).

77. The fact that RANDOL engaged in activity protected by the FCRA was a motivating factor in Defendants' termination of Plaintiff's employment in November 2023, in violation of the FCRA, F.S. §760.10(7).

78. Defendants intentionally retaliated against RANDOL in late October 2023 by suspending RANDOL and in November 2023 by terminating Plaintiff's employment because of her good faith opposition to and complaints about what Plaintiff reasonably believed discrimination and disparate treatment by Defendants against RANDOL because of her sex/gender, Female, in violation of the FCRA, F.S. §760.10(7).

79. Defendants' violations of RANDOL's rights under the Florida Civil Rights Act, F.S. §760.10, were intentional and were done with malice and reckless disregard for RANDOL's rights as guaranteed under the laws of the State of Florida through the FCRA, such that RANDOL is entitled to punitive damages against Defendants pursuant to F.S. §760.11(5).

80. RANDOL has suffered lost earnings, emotional distress, loss of self-esteem, and damages as a direct result of Defendants' violations of F.S. §760.10(7).

81. Pursuant to F.S. §760.11(5), RANDOL is entitled to recover her reasonable attorneys' fees and costs from Defendants as a result of Defendants' violations of the FCRA.

WHEREFORE, Plaintiff, MELODY RANDOL, demands judgment against Defendants, jointly and severally, DELAWARE NORTH COMPANIES, INC. and GAMEWISE, LLC, for back pay, employment benefits, other compensation including bonuses, compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible

19

injuries, punitive damages, equitable relief, interest, costs, attorney's fees, expert fees, and such

other and further relief as the Honorable Court deems proper.

## JURY TRIAL DEMAND

MELODY RANDOL demands trial by jury on all issues so triable.

Dated:  November 30, 2024          By:     **s/Keith M. Stern**
                                           Keith M. Stern, Esquire
                                           Florida Bar No. 321000
                                           E-mail:  employlaw@keithstern.com
                                           LAW OFFICE OF KEITH M. STERN, P.A.
                                           80 S.W. 8th Street, Suite 2000
                                           Miami, Florida 33130
                                           Telephone:  (305) 901-1379
                                           Fax:  (561) 288-9031
                                           Attorneys for Plaintiff

20